UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x

DARRYL WILLIAMS,

                     Plaintiff,

-v-

MV TRANSPORTATION,

                     Defendant.

------------------------------------------------------x

MEMORANDUM AND ORDER

12 CV 5843 (ENV) (MDG)

VITALIANO, D.J.,

On October 31, 2012, *pro se* plaintiff Darryl Williams filed a complaint against defendant MV Transportation in Supreme Court, County of Kings. Williams' complaint consisted of a number of documents, including a handwritten "Notice of Complaint" with illustrations and a "Notice if Motion" outlining his "two cases." On November 27, 2012, defendant removed the action to this Court on the grounds of diversity jurisdiction. The complaint is dismissed for failure to state a claim, but with leave to replead within 30 days.

## Background

Plaintiff's complaint consists of a number of parts, which struggle to form a cohesive factual background. The following is evident from the record: Williams was employed by defendant from March 1, 2010 until July 11, 2012. (Dkt. No. 1 at 13). Williams disagrees with his then employer, MV Transportation, about how to properly

1

secure a passenger with a seatbelt. (*Id.* at 5, 12) Williams now argues "two cases" that "the company is at fault for not installing the proper latch securement [*sic*] devices and the conduct against me as being incompetent at my job [*sic*]." (*Id.* at 5). Although the exact nature of Williams' injury is unclear, he seeks $1,000,000 in damages and states that he is here to "ascertan a settlement" and that "this case... will sue you out of business..." (*Id.* at 5).

## Standard of Review

Rule 12(b)(6) requires dismissal if a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citations omitted). Plaintiffs must provide more than a "formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965. A court must presume the truth of all factual allegations in the complaint for purposes of Rule 12(b)(6), but the court is not bound to accept the truth of legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286, 106 S. Ct. 2932, 2944 (1986).

In analyzing well-pled facts, a court will draw all reasonable inferences in favor of plaintiff. *See Gorman v. Consol. Edison Corp.*, 488 F.3d 586, 591-92 (2d Cir. 2007). Moreover, because plaintiff here proceeds *pro se*, the pleadings must be read liberally

2

and interpreted as raising the strongest arguments it suggests. *See McEachin v. McGuinnis*, 357 F.3d 197, 200 (2d Cir. 2004). If a liberal reading of the pleadings "gives any indication that a valid claim might be stated," the court must grant leave to amend it. *See Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000).

On a motion to dismiss, the court may only consider the pleadings itself, documents that are referenced in the complaint, documents that the plaintiffs relied on in bringing suit and that are either in the plaintiffs' possession or that the plaintiffs knew of when bringing suit, and matters of which judicial notice may be taken. *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002); *Int'l Audiotext Network, Inc. v. Am. Tel. & Tel. Co.*, 62 F.3d 69, 72 (2d Cir. 1995).

## Discussion

The nature of Williams' complaint is unclear. At best, Williams appears to be claiming he was wrongfully terminated because of his improper seatbelt use on passengers—though he fails to actually state anywhere in his complaint that he was involuntarily terminated, or that such hypothetical termination was because of his disagreement over proper seatbelt use. More importantly, he does not allege any statute or legal authority, a claim for relief, or even an injury. Truly, his only statements to this affect are stating the nature of the complaint is "[f]or the relief of job opportunity and law suit money." (Dkt. No. 1 at 6). In short, Williams' "claims" cannot even be called such, and thus, must be dismissed for failing to state a claim for relief under Rule 12(b)(6). *See Iwachiw v. N.Y. City Bd. of Ed.*, No. 00-cv-2341, 2007 U.S. Dist. LEXIS

8040, at *15 (E.D.N.Y. Feb. 5, 2007) (dismissing *pro se* complaint which even when seen in a "light most favorable to the pro se plaintiff" could not discern a cause of action in the "vague, conclusory, and disjointed allegations" in the complaint.)

## Conclusion

In light of plaintiff's *pro se* status, this Court will grant plaintiff 30 days from the date this Order is entered on the docket to replead his complaint to correct the deficiencies noted above. No summons shall issue at this time and all further proceedings shall be stayed until plaintiff has complied with this Order. If plaintiff fails to file an amended complaint within the leave period, this action will be dismissed. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

/s/ ENV

**ERIC N. VITALIANO**
**United States District Judge**

Dated: Brooklyn, New York
June 21, 2013