FILED
IN CLERK'S ⟨...⟩ ⟨...⟩ D.N.Y. Rec'd
U.S. DISTRICT CO⟨...⟩
★ DEC 0 3 2013 ★ wm

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

DARRYL WILLIAMS,

                     Plaintiff,

    -v-

MV TRANSPORTATION,

                     Defendant.

-------------------------------------------------------------x

**MEMORANDUM AND ORDER**

12-CV-5843 (ENV) (MDG)

VITALIANO, D.J.,

On October 31, 2012, *pro se* plaintiff Darryl Williams filed a complaint against defendant MV Transportation ("MVT") in Supreme Court, Kings County. On November 27, 2012, MVT removed that action to this Court on the ground of diversity of citizenship. After MVT prevailed on a motion to dismiss, (*see* Dkt. No. 24), Williams filed an amended complaint, and MVT moved to dismiss the amended complaint on the ground that it failed to state a plausible claim. By Order dated October 4, 2013, this Court denied that motion, but ordered MVT to submit a declaration and supporting documentation as to whether Williams was MVT's employee at the time of the incidents alleged in the amended complaint, such that any claim would be precluded by New York's Workers' Compensation Law ("WCL").

MVT has submitted documentation demonstrating that Williams was its employee from March 1, 2010 until August 2, 2012, and that the incident of which

Williams complains took place during that time.  (*See* Dkt. No. 49.)  Williams

appears to agree.  (*See* Dkt. No. 50.)


## Discussion

The WCL requires employers to pay benefits, including medical care and

replacement of lost wages, to workers who are injured or disabled during the course

of their employment, regardless of where the fault lies.  *See* N.Y. Workers' Comp.

Law § 10(1).  "The benefits provided under the WCL are the exclusive remedies for

injuries sustained by employees in the course of employment, and the Law thus

forecloses any suit by an employee against an employer in tort."  *Liberty Mut. Ins.

Co. v. Hurlbut*, 585 F.3d 639, 641 (2d Cir. 2009) (citing N.Y. Workers' Comp. Law §

11).  In his complaint and various submissions, Williams alleges that he was injured

while riding on a bus operated by MVT.[1]  It is now clear that this alleged injury took

place during the course of his employment.  Accordingly, this suit is precluded by

the WCL, and the complaint must be dismissed.


## Conclusion

For the foregoing reasons, the complaint is dismissed with prejudice.  The

Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken

in good faith and therefore *in forma pauperis* status is denied for purpose of an

---

[1]   A full statement of facts relevant to this case is set out in this Court's October 4, 2013 Order.
(*See* Dkt. No. 48.)

appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).   The Clerk of Court

is directed to enter judgment accordingly and close the case.

**SO ORDERED.**

/S/ Judge Eric N. Vitaliano

**ERIC N. VITALIANO**
**United States District Judge**

Dated:      Brooklyn, New York
            November 25, 2013